UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REZA ESLAMINIA, et al.,

    Plaintiff(s),

vs.

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant(s).

No. C 99-03249 MHP

**MEMORANDUM AND ORDER**

    As explained in an earlier order of this court, the remaining claims in this action are plaintiff's claims for disclosure of records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Mem.& Order filed March 23, 2000, Doc. No.43. The records sought are miscellaneous papers of the plaintiff's deceased father, Hedayat Eslaminia. The records were recovered from the father's residence during an investigation of the his disappearance. Ultimately they were turned over to the F.B.I. which retained them. Earlier orders have set forth the background of this action and are not repeated here. Plaintiff has clearly identified the records it seeks in this action. There is no question as to whether the government has conducted an adequate search for the records sought. In fact, the government acknowledges it possesses the documents. However, the F.B.I asserts that the documents are exempt from disclosure under (b)(1) of section 552 and the question is whether this exemption, known as Exemption 1, is justified.

    In prior orders this court requested further declarations from defendants explicating the basis for the exemption, setting forth the extent to which these documents are already in the public

domain, stating whether there is a basis for continued classification given the age of the documents, and responding to other questions posed in the orders. *See* Order filed Sept. 20, 2002, Doc. No.51 and Order filed Aug. 26, 2011, Doc. No.89. The court also ordered submission of the designated documents for *in camera* review. *See* Mem.& Order filed March 23, 2000 at 9 and Order filed Sept. 20, 2002 at 2 *et seq*.

The government has responded with declarations filed under seal and *in camera* on February 17, 2000, November 24, 2009, March 30, 2011 and October 3, 2011, the last of these dates including a resubmission of the earlier declarations. The court has conducted an *in camera* review of the declarations and the documents. As set forth in earlier orders those documents consist of: [1]

1. Roteck notebook

2. Penway composition book

3. Business size envelope

4. Notes on Marriott Hotel Stationery

5. Notes on Capitol Hilton Stationery

6. 47 Handwritten pages.

A few lines from one of the documents have been disclosed. Otherwise the government continues to assert exemption (b)(1) as to all of the documents based upon national security, intelligence activities, sources and methods of intelligence gathering and foreign relations or activities, including confidential sources. Defendants have also certified that the classifications comply with the procedural requirements of Executive Order 12958.[2]

EXEMPTION 1 CLAIM

Over thirty years ago the Supreme Court said it is "crystal clear" that Congress enacted the Freedom of Information Act "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Department of Air Force v. Rose*, 425 U.S. 352, 361 (1976). Congress provided for nine exemptions and explicitly set them forth in section 552(b). Nonetheless, the touchstone of the Act is disclosure and, thus, the Supreme Court has held that there is a strong

2

presumption in favor of disclosure, placing the burden on the governmental agency to justify the withholding of requested documents. *Department of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1988).

Under the Act an agency is permitted to withhold "matters ...(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). This exemption is referred to as Exemption 1. In this action the agency, the FBI, relies on Executive Order ("E.O.") 12,958, 60 Fed.Reg. 19825 (Apr. 17, 1995), as the basis for the proper classification of the documents. Pertinent to this discussion E.O. 12,958 sets forth the various categories of classification, the classification standards to be followed, the classification levels, persons that may exercise classification authority, the duration of classification and other specifics related to classification, implementing section 552(b)(1).

In the case at bar declarations have been submitted *in camera* and under seal asserting that the records sought are covered by Exemption 1 and sections 1.5 (c) and (d) of E.O. 12,958. Section 1.5 enumerates several categories of material that are deemed classified. Subsection (c) provides for "intelligence activities (including special activities), intelligence sources or methods, or cryptology." Subsection (d) provides for matters related to "foreign relations or foreign activities of the United States, including confidential sources." While conclusory declarations generally will not suffice to support an Agency's claim of exemption, the D.C. Circuit Court of Appeals has held that "the text of Exemption 1 itself suggests that little proof or explanation is required beyond a plausible assertion that information is properly classified....[T]he court must accord [*substantial weight*] to an agency's affidavit concerning the details of the classified status of the disputed record." *Morley v. C.I.A.*, 508 F.3d 1108, 1124 (D.C.Cir.2007)(emphasis included).

Nonetheless, the agency must establish that it complied with proper procedures in classifying documents and that the withheld documents fall within the scope of the designated provisions of E.O. 12,958. The declarations are sufficient if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld

logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981)  There must be sufficient detail to "'forge the logical connection between information [withheld] and the claimed exemption.'" *Physicians for Human Rights v. U.S. Dep't of Defense*, 675 F.Supp.2d 149, 167 (D.D.C.2009)(quoting *Oglesby v. U.S. Dep't. Of Army*, 79 F.3d 1172, 1178 (D.C.Cir.1996)).  The court in *Military Audit* noted that national security agencies "have unique insights into what adverse [effect] might occur as a result of public disclosures" and, thus, courts are "required to accord substantial weight to an agency's affidavit concerning the details of the classified status" of the withheld documents. *Military Audit*, 656 F.2d at 738.

Here, the court has had the benefit of detailed declarations and the documents themselves. The court has reviewed the designated documents *in camera* and considered them in light of the government's declarations that also have been submitted *in camera* and in light of existing case law. The court is permitted to review classified affidavits *ex parte* and *in camera* where national security is involved.  *See Lykins v. United States*, 725 F.2d 1455 (D.C. Cir.1984); *Edmonds v. F.B.I.*, 272 F.Supp.2d 35, 46 n.4 (D.D.C. 2003).  The court finds that the declarations filed in this case are sufficient to meet the standards set forth above and that the documents comport with the declarations' description. They "forge the logical connection" between the information contained in the documents and Exemption 1. The declarations taken together provide adequate justification for their *in camera* submission and for the assertion of the (b)(1) exemption.  The documents themselves provide ample further support for the claimed exemption.

In its August 26 order, Doc. No. 89, the court queried the government as to whether the documents are or are about to be automatically declassified or should be declassified under the new Executive Order 13,526.  A further  declaration was submitted *in camera* addressing the issue and the court has reviewed it.  The court is satisfied that the agency has sufficiently explained the reason for continued classification  and thus applies the earlier declarations taken together with the most recent declarations submitted on September 15, 2011, and October 3, 2011, Doc. Nos. 90 and 92, respectively, in determining the merits of the Exemption 1 claim.

4

1    The court has determined that even at this late date there is much in these documents that
2 discloses intelligence sources and methods that still pertain to national security and justify continued
3 classification and exemption under (b)(1). Most of the pages are replete with names of persons still
4 living and whose lives could be jeopardized by disclosure of their contacts with the author of the
5 document, Hedayat Eslaminia and others. Other persons named in the documents are deceased,
6 some of them executed by the current or other post-Shah Iranian governments. Whether living or
7 deceased these individuals have family and relatives remaining in Iran who could be victims of
8 incarceration, torture or execution. The declarations point out specific instances of such
9 consequences. The declarations of the government and the documents provide ample support for the
10 conclusions this court reaches. Even current news reports from Iran tend to indicate the accuracy of
11 these assertions, although, of course, those reports do not constitute admissible evidence and the
12 court does not rely upon them.

SEGREGABILITY

The court also reviewed the designated documents to determine whether any portions of the documents could be segregated without disclosing legitimately classified or exempted material. Where portions of the classified documents can be segregated and some portions disclosed without jeopardizing the national security concerns justified by the government, the court may *sua sponte* order such segregable portions disclosed. *See Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027-28 (D.C.Cir.1999); 5 U.S.C. § 552(b) ("[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt....")

In accordance with this guidance, the court determines that excerpts from the following documents may be disclosed without adversely affecting the national security concerns established by the defendant F.B.I., while the remainder of the documents may be withheld.

The court finds that defendants are entitled to withhold all matters contained in Document 1, 3 and 5 under Exemption 1.

1   The court finds that defendants are entitled to withhold all the matters contained in Documents
2   2, 4 and 6 except the following excerpts which the court finds are reasonably segregable and shall be
3   disclosed observing the following exceptions or limitations.  All names and identifying information
4   shall be redacted from the following disclosures except the names of Khomeyni and Saddam.
5   Where the sentence or statement identifies the speaker, including in the first person, such identity
6   shall be redacted.  In all other respects the following portions of the documents shall be disclosed:

    Document 2,  No. 447

        p.6, line 7 to page 7 line 3   commencing :[omit name] "explained that we have come to realize ...." and ending with "...will lead the prayer services."

        p. 7, 2d full ¶  2d sent. to p. 7, before last complete sentence, commencing: [Omit name] "said that as far as...." and ending with "...where they have come from."

        p. 20, last ¶  to  p. 21 end of continuing ¶: commencing with: [Omit speaker] "The sources of emulation..." and ending with "...arms of the sources of emulation."

        p. 23, last ¶ commencing with" [Omit speaker] "Gentlemen...." continuing to last line "...other problems."

        p. 24, continuing ¶, first full sentence, commencing with: "Because you have not tried...".ending with 3rd to last sentence in same paragraph "...you are a loser."

    Document 2, No. 448

        p. 10, first ¶, 3rd full sentence to end of ¶, commencing with: [Omit name] "goes around collecting ...." ending with " ...financial assistance".

        p. 10, last ¶, last sentence to p. 11 end of penultimate ¶, commencing with: [Omit speaker] "all the clergy and people...." ending with "disguise of clergy." [Omit pronoun which identifies speaker.]

    Document. 4,  No. 446

        p. 4, Last ¶, line 11 to end of paragraph ending at top of p. 5, commencing with: "you

1  have to bear in mind..." ending with "about this situation." [Omit from next to last
2  full sentence on p. 4 "through...and others,", thus, omitting name.]

Document 6, No. 220

p.2, first ¶, line 1, commencing with: "Today you can see...." ending with "put the people to sleep."

p. 25, first ¶, line 3 to No. 221, p.1, beginning line 9, commencing with: "As long as there is war...." and ending with "authority in Iran?"

Document 6, No. 221

p. 15, first ¶, first line to 4th line, commencing with: "How stupid are these ...." and ending with "who ran a country and a government."

## PUBLICLY DISCLOSED MATERIAL

Plaintiff has filed a supplemental memorandum, declaration and exhibits to show that the classified information has already been disclosed in other documents retrieved from Hedayat Eslaminia's home and not seized by law enforcement. He has provided a translated copy of the documents which were written in Farsi. These documents post-date the classified documents in this case and contain material different from that contained in the classified documents. Plaintiff argues that since this information is publicly available it may not be withheld from disclosure because it is a "common sense rule; there is no need to keep information private that is otherwise known." Supp. Brief., Doc. 73, at p.5. Plaintiff cites no authority for this "common sense rule". Furthermore, the argument is specious for the following reasons. The information contained in the classified documents is significantly different and more substantial than the information available in Exhibit B to plaintiff's submitted declaration. This Exhibit is a translation of notes purporting to be written by Hedayat Eslaminia in Farsi. They cover the dates of July 19, 1984 through July 26, 1984. The court

7

1 cannot determine whether this Exhibit includes all of Hedayat Eslaminia's notes for this period of
2 time. However, none of the notes that are part of the classified documents cover any of the period
3 contained in Exhibit B. The classified documents contain many more names and other identifying
4 information, cover a wider range of activities and time periods and are significantly more in depth.
5 None of this information is publicly available and it is distinctly different from the contents of
6 Exhibit B.

7       The prevailing case law holds that "we must be confident that the information sought is truly
8 public and that the requester receive no more than what is publicly available before we find a
9 waiver." *Cottone v. Reno*, 193 F.3d 550, 555 (D.C.Cir.1999)(cited approvingly in *Students against*
10 *Genocide v. Department of State*, 257 F.3d 828, 836 (D.C.Cir.2001)). This court assumes Exhibit B
11 is in the public domain - - it is not classified, it is in the possession of the plaintiff and it has been
12 made a part of the public record in this case. It is distinct and separate from the documents that have
13 been classified. Its acquisition, however obtained, was not obtained from the defendants and it does
14 not affect the legitimacy of the classification of the documents withheld.

15       In accordance with the foregoing, the court grants summary judgment in favor of the
16 defendants and denies plaintiff's motion for summary judgment as to Documents 1, 3 and 5 in their
17 entirety and as to Documents 2, 4 and 6, except as to those excerpts the court has designated above.
18 The court denies defendants' motion for summary judgment and grants plaintiff's motion for
19 summary judgment solely as to the above designated excerpts and orders them disclosed to plaintiff
20 within thirty (30) days of the date of this Order.

22       IT IS SO ORDERED.

26 Date: <u>October 28, 2011</u>

                                                     MARILYN HALL PATEL
                                                     United States District Court Judge

### **ENDNOTES**

1. Where the withheld documents are referred to in this order this numerical designation is used, e.g. Document 1 refers to the Roteck notebook, Document 2 refers to the Penway composition book, etc.

2.  Executive Order No.12,298 was adopted effective April 17, 1995, 60 Fed. Reg.19825.  It was amended by Executive Order No. 13,292. 68 Fed. Reg.15,315 (March 28, 2003). The latter was revoked and replaced by Executive Order No.13,526, 2009 WL 5178737 (Dec.29, 2009).  An exemption under 5 U.S.C. section 552(b) is determined in accordance with the Executive Order in effect at the time of the classification decision.  The above-enumerated documents for which Exemption 1 is asserted are, thus, subject to E.O.12,928. However, the result would not be different under E.O.13,526.

9